```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

MULVEY CONSTRUCTION, INC. et al.,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:07-0634

BITUMINOUS CASUALTY CORP., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    On February 16, 2011, the court conducted a status hearing in this matter. At that hearing, the court informed the parties of its intention to sua sponte dismiss the intervenor complaint filed by DCI/Shires for lack of subject matter jurisdiction. The court also gave the parties a deadline of February 22, 2011, to file a written response to the pending dismissal of the intervenor complaint if they wished to do so. No party, including DCI/Shires, filed anything related to the subject matter jurisdiction issue within the allotted time period.

    Jurisdiction over the original complaint in this matter was based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Approximately five months after the original complaint was filed, DCI/Shires moved to intervene as a plaintiff pursuant to Federal Rule of Civil Procedure 24. There being no objection by any of the parties to the underlying lawsuit, the court granted DCI/Shire's motion to intervene. According to DCI/Shires, this court's jurisdiction over the intervenor complaint was based on

diversity of citizenship given that the claims raised therein were purely matters of state law.  However, the parties are not diverse.  Intervenor plaintiff DCI/Shires is a Virginia corporation and intervenor defendant Brown & Brown Insurance Agency of Virginia is also a Virginia corporation.

"In origin and design, federal courts are courts of limited jurisdiction; they exercise only the authority conferred on them by Art. III and by congressional enactments pursuant thereto.  Like all other federal courts, this Court has only the power expressly given it."  Delaware v. Van Arsdall, 475 U.S. 673, 692 (1986) (internal citations omitted).  Furthermore, the question of subject matter jurisdiction is so fundamental that it is a "question the court is bound to ask and answer for itself, even when not otherwise suggested . . . ."  Mansfield, Coldwater & Lake Michigan Rwy. v. Swann, 111 U.S. 379, 392 (1883).

Section 1332 of Title 28 confers subject matter jurisdiction upon federal courts over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between citizens of different states."  See also Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999).  Since its enactment, the Supreme Court of the United States has interpreted the statute to require "complete diversity" of citizenship.  Strawbridge v. Curtiss, 3 Cranch 267 (1806).

"Despite the requirement for complete diversity for jurisdiction under 28 U.S.C. § 1332, 28 U.S.C. § 1367(a) confers supplemental jurisdiction over `all other claims that are so related to claims in the action within . . . original jurisdiction that they form part of the same case or controversy.'" United Capitol Insurance Co. v. Kapiloff, 155 F.3d 488, 492 (4th Cir. 1998) (quoting 28 U.S.C. § 1367(a)).  Supplemental jurisdiction, however, is not without limits and 28 U.S.C. § 1367(b) imposes specific limitations on its availability in diversity cases.  See id. at 493 ("The subsection (b) limitations of supplemental jurisdiction are designed to prevent plaintiffs from circumventing the requirements of diversity.").  According to the section:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b).  The statute is clear that "in diversity actions the rule of complete diversity would still be required in the context of Rule 24 intervention or Rule 19 joinder of necessary parties."  Rosmer v. Pfizer Inc., 263 F.3d 110, 115 (4th

Cir. 2001). For these reasons, the intervenor complaint of DCI/Shires must be DISMISSED.

Based on the dismissal of DCI/Shires, the Clerk is directed to TERMINATE the following motions as moot:

1) Brown & Brown's Motion for Summary Judgment against Intervenor DCI/Shires, Inc. (Doc. # 120); and

2) DCI/Shires' Motion for Summary Judgment on Liability (Doc. # 123).

The Clerk is further directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 25th day of February, 2011.

ENTER:

David A. Faber
Senior United States District Judge