IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MULVEY CONSTRUCTION, INC. et al.,

    Plaintiffs,

v.                        CIVIL ACTION NO. 1:07-0634

BITUMINOUS CASUALTY CORP., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendant Brown & Brown Insurance Agency of Virginia, Inc. ("Brown & Brown") seeking to amend its answers to the amended complaint and the intervenor complaint[1]. (Doc. # 140). Defendant requests leave to amend its answer to assert the affirmative defense of statute of limitations. Plaintiffs have not filed a response to defendant's motion.[2]

---

[1] Intervenor plaintiff DCI/Shires opposed the motion to amend but the intervenor complaint has since been dismissed.

[2] On February 21, 2011, plaintiffs did file a "Response to Rulings of February 16, 2011." In that response, which was not authorized by either the court or its local rules, plaintiffs stated that they seek to "formally join, adopt, and incorporate any motions, responses, pleadings, objections, or other submissions, including but not limited to affidavits, filed or made by DCI/Shires as their own." Plaintiffs' Response at 2. The rest of plaintiffs' filing is essentially a late-filed opposition to Brown & Brown's argument that the statute of limitations bars their third-party beneficiary claim. Other than contending that they objected to Brown & Brown's Motion to Amend at the status conference, plaintiffs' filing does not address the merits of the Motion to Amend. Specifically, it does not address the prejudice, if any, plaintiffs would suffer if amendment is allowed.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure].  If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)."  <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing <u>Lone Star Transp. Corp. v. Lafarge Corp.</u>, Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).

"In considering whether to allow a party to amend its pleadings, a district court abuses its discretion if its decision 'is guided by erroneous legal principles' or 'rests upon a clearly erroneous factual finding.'"  <u>Morris et al. v. Wachovia Sec. Inc.</u>,

2

448 F.3d 268, 277 (4th Cir. 2006)(citing Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999)). "We do not ask whether we would have come to the same conclusion as the district court if we were examining the matter de novo [...] Rather, after reviewing the record and the reasons the district court offered for its decision, we reverse for abuse of discretion if we form 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" Id. (citing Westberry, 178 F.3d at 261).

Courts often grant parties leave to amend their pleadings for the specific purpose of asserting an affirmative defense. See, e.g., Igen Int'l. Inc. v. Roche Diagnostics GMBH et al., 335 F.3d 303, 311 (4th Cir. 2003)(district court abused its discretion in not allowing party to amend its answer when the party tried to assert a Noerr-Pennington defense "within a pragmatically sufficient time"); Defender Indus., Inc. v. Northwestern Mut. Life Ins. Co. et al., 938 F.2d 502 507-08 (4th Cir. 1991)(district court did not err in allowing a party to amend its answer to assert the defense of illegality following the close of evidence at trial).

In support of its motion to amend, Brown & Brown asserts that, in both of its Answers, it "reserve[d] the right to plead each and every defense set forth in Rules 8 and 12 of the Federal

3

Rules of Civil Procedure and further reserves the right to raise such additional defenses as may appear appropriate following discovery and factual development of this case." Motion to Amend Answer at pp. 1-2. According to Brown & Brown, its ability to rely on a statute of limitations defense was dependent upon this court's determination as to the choice of law. By Memorandum Opinion and Order entered on March 30, 2010, this court determined that Virginia law should apply. Thereafter, on April 27, 2010, plaintiffs filed a motion to alter or amend the judgment in which they argued that the court got the choice of law wrong. That motion to amend the judgment remained pending for some time as both Mulvey and DCI/Shires continued to modify their arguments regarding the choice of law issue. Brown & Brown contends that it raised the statute of limitations defense at its earliest opportunity to do so, which, according to it, was when it filed its motions for summary judgment against both plaintiffs and DCI/Shires, on August 16, 2010.

At the outset, the court notes that a "reservation of affirmative defenses is of no force and effect." See Messick v. Patrol Helicopters, Inc., 2007 WL 2484957, *1 (D. Mont. Aug. 29, 2007). Furthermore, the court is not especially persuaded by Brown & Brown's assertion that it raised its statute of limitations defense at the earliest possible time. Even accepting its argument that it was waiting for resolution of the choice of

4

law issue, Brown & Brown should have sought leave to amend its complaint immediately after the court issued its decision on March 30, 2010.

As to the court's inquiry under Rule 15(a), the critical inquiry for the court is the resulting prejudice to the nonmoving party if amendment is allowed. See Davis v. Piper Aircraft Co., 615 F.2d 606, 613 (4th Cir. 1980) ("[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend."). "The party opposing amendment bears the burden of showing prejudice." Atlantic Bulk Carrier Corp. v. Milan Express Co, Inc., 2010 WL 2929612, *4 (E.D. Va. 2010). The fact that plaintiffs' claims "may be determined to be barred by the statute of limitations does not amount to prejudice sufficient to defeat an amendment." National Recovery Agency, Inc. v. AIG Domestic Claims, Inc., 2006 WL 1289545, *3 (M.D. Pa. 2006); see also Lynam v. Foot First Podiatry Centers, P.C., 919 F. Supp. 1141, 1149 n.7 (N.D. Ill. 1996) (fact that plaintiff will be foreclosed from pursuing her claim if defendant is allowed to amend to assert statute of limitations defense is not the type of prejudice to be considered by the court in ruling on motion to amend).

To that extent that plaintiffs seek to adopt the argument of DCI/Shires that, because they were not made aware that the statute of limitations was going to be an issue in this case, they did not conduct any discovery regarding that issue, that argument

5

is without merit.  As a preliminary matter, the court cannot see how Brown & Brown's assertion of a statute of limitations defense would necessitate the need for additional discovery.  The information that would be needed to refute the defense would appear to be the same evidence that plaintiffs would need to pursue their claims against Brown & Brown.  Furthermore, plaintiffs have not pointed to their need for any further discovery and in the months since the motion to amend was filed have not sought to reopen discovery.

While the court cannot say that Brown & Brown has necessarily shown good cause for the delay in seeking to amend its answer, in the absence of any prejudice to plaintiffs the court finds that Brown & Brown should be given leave to amend their answer to assert the statute of limitations.  This is especially true under the unique facts and circumstances of this case and the fact that amendment is to be freely allowed.  The record shows no bad faith or dilatory motive on the part of the defendant in filing its motion to amend.  Furthermore, it is not clear such an amendment would be futile.  Therefore, the motion to amend is **GRANTED** and the amended answer is deemed to have been filed as of the date of this Memorandum Opinion and Order.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 30th day of March, 2011.

ENTER:

David A. Faber
Senior United States District Judge