IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MULVEY CONSTRUCTION, INC. et al.,

     Plaintiffs,

v.                                          CIVIL ACTION NO. 1:07-0634

BITUMINOUS CASUALTY CORP., et al.,

     Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendant Brown & Brown Insurance Agency of Virginia, Inc. ("Brown & Brown") for summary judgment.  (Doc. # 118).  For reasons expressed more fully below, that motion is GRANTED.

### Factual Background

McDonald's retained Mulvey Construction, Inc. ("Mulvey"), a New York corporation, to construct a McDonald's restaurant in Bluefield, West Virginia.  Mulvey, in turn, entered into a subcontract agreement with DCI/Shires, Inc., a local contractor, to build a retaining wall and do other work on the McDonald's project.  DCI/Shires is a Virginia corporation.

Before the actual construction could begin and pursuant to the terms of the subcontract agreement, DCI/Shires agreed to place Mulvey and McDonald's on its insurance policy, issued by Bituminous Casualty Corporation ("the DCI Policy").  To that end, DCI/Shires sent the subcontract agreement between itself and

Mulvey to Brown & Brown, its insurance agent since the early 2000s.  Brown & Brown is a Virginia corporation.

After receiving the request from DCI/Shires, Brown & Brown issued certificates of insurance.  According to the certificates of insurance, Mulvey and McDonald's were additional insureds on the DCI Policy.  According to the certificate of insurance, the "Certificate Holder is named as an additional insured in regard to the general liability policy."  The certificate of insurance also states that

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER.  THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

Brown & Brown contends that it sent the certificates to Bituminous but, for some reason, Mulvey and McDonalds were never added to the DCI Policy.

On January 3, 2003, Robert Blevins, an employee of the Sanitation Board of the City of Bluefield, responded to a complaint of a sewage line break at the McDonald's site.  In order to repair the break, the Sanitary Board cut a trench in the middle of the road, next to the McDonald's restaurant.  While Blevins was in the trench replacing the broken sewer pipe, a section of concrete roadway and dirt sidewall fell on him.  Blevins was killed as a result of the accident.

Blevins' wife, Rebecca Ann Blevins, individually and as executrix of his estate, filed a wrongful death action in the Circuit Court of Mercer County, West Virginia, against McDonald's, Mulvey, DCI/Shires, and others ("the Blevins action").  The Amended Complaint in the Blevins action alleges that the failure of a retaining wall at the McDonald's caused the break in the sewer line.  The Blevins Complaint also alleges that the retaining wall was negligently constructed.

After the Blevins lawsuit was filed, on more than one occasion, both Mulvey and McDonald's requested that Bituminous assume their defense in the Blevins action.  Bituminous denied the requests.  According to Bituminous, neither Mulvey nor McDonald's were additional insureds on the Bituminous Policy.  After a time, Mulvey and McDonald's paid $400,000.00 to settle the claims against them in the Blevins lawsuit.  One Beacon Insurance Company ("One Beacon"), Mulvey's liability insurer, paid the amounts on behalf of McDonald's and Mulvey.

Invoking this court's diversity jurisdiction, on October 11, 2007,[1] Mulvey and One Beacon filed the instant lawsuit for declaratory judgment

> seeking a declaration that: i) Mulvey is entitled
> to primary insurance coverage from Bituminous as a
> named insured; ii) Mulvey's subcontract agreement
> with DCI Shires, Inc. ("DCI") is an insured
> contract under DCI's Bituminous policy so that

_____

[1] An amended complaint was filed on May 16, 2008.

> Mulvey stands in the shoes of DCI for coverage purposes; iii) Bituminous owes Mulvey a duty to indemnify and defend it as an additional insured with an insured contract on its policy of insurance covering DCI, from any and all claims arising out of a 2003 accident which killed Robert Blevins; and iv) that Mulvey is entitled to payment of any and all settlements, defense costs, legal fees expended related to the Blevins claims and to obtain the insurance coverage it relied upon to award a job to DCI Shires, Inc.

Amended Complaint ¶1.  Plaintiffs bring the following claims against Brown & Brown: declaratory judgment (Count I), estoppel (Count III), detrimental reliance (Count IV), third-party beneficiary (Count V), and professional negligence (Count VI).

Brown & Brown has moved for summary judgment in its favor on all counts.

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the burden of establishing that there is no genuine issue as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  This burden can be met by showing that the nonmoving party has failed to prove an essential element of the nonmoving party's case for which the nonmoving

4

party will bear the burden of proof at trial.  Id. at 322.  If

the moving party meets this burden, according to the United

States Supreme Court, "there can be 'no genuine issue as to any

material fact,' since a complete failure of proof concerning an

essential element of the nonmoving party's case necessarily

renders all other facts immaterial."  Id. at 323.

    Once the moving party has met this burden, the burden

shifts to the nonmoving party to produce sufficient evidence for

a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in
> support of the plaintiff's position will be
> insufficient; there must be evidence on which the
> jury could reasonably find for the plaintiff.
> The judge's inquiry, therefore, unavoidably asks
> whether reasonable jurors could find, by a
> preponderance of the evidence, that the plaintiff
> is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "If

the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted."  Id. at 250-51.

### **Analysis**

I.    *Declaratory Judgment*

    Count 1 of the Amended Complaint, the declaratory

judgment count, "seek[s] a ruling by this Court that Bituminous

and/or Brown & Brown wrongfully denied coverage to Mulvey and

that Mulvey was entitled to a defense and indemnity coverage by

the Defendants for the underlying civil action."  Amended

Complaint ¶ 29.  Brown & Brown contends that it is entitled to

summary judgment on this count because it is merely an insurance
agency and does not make coverage decisions.  For this reason,
Brown & Brown did not "wrongfully den[y]" coverage and, as such,
the declaratory judgment claim is not properly asserted against
it.  Plaintiffs do not address this argument in their opposition
brief.

There is simply no evidence that Brown & Brown, as an
insurance agency, can or does make insurance coverage decisions.
Indeed, plaintiffs recognize this fact as the Amended Complaint
makes clear that they made their demand for coverage to
Bituminous and that "Bituminous refused to accept the defense
and/or indemnify Mulvey or McDonald's from the lawsuit. . . ."
Amended Complaint ¶¶ 16-17.  Furthermore, Brown & Brown was not a
party to the insurance policy between Bituminous and DCI/Shires
so any declarations as to the parties' rights and
responsibilities under that contract would not affect Brown &
Brown.  For all these reasons, Brown & Brown's motion for summary
judgment as to Count 1 is granted.

II.     *Estoppel and Detrimental Reliance*

In Count III, plaintiffs allege that "Bituminous and
Brown & Brown are legally estopped from denying coverage to
Mulvey under the DCI liability policy issued by Bituminous."
Amended Complaint ¶ 37.  According to Count IV, "Mulvey relied on
the representation by both [sic] Brown & Brown that it was named

as an additional insured under the commercial general liability
policy of insurance of DCI" and that "Mulvey's reliance on the
representations of coverage of both Brown & Brown and Bituminous
was to Mulvey's detriment and resulted in damages to Mulvey <u>in
that Bituminous refused to provide coverage</u>."   Amended Complaint
¶¶ 39, 41 (emphasis added).

"Estoppel is the doctrine by which a `party is prevented
by his own acts from claiming a right to [the] detriment of [the]
other party who was entitled to rely on such conduct and has
acted accordingly.'"   <u>Webb v. Webb</u>, 16 Va. App. 486, 494, 431
S.E.2d 55, 61 (1993) (quoting Black's Law Dictionary 551 (6th ed.
1990)).

> [A] party seeking to invoke the doctrine of
> estoppel must prove by clear, precise, and
> unequivocal evidence the following elements: (1)
> A material fact was falsely represented or
> concealed; (2) The representation or concealment
> was made with knowledge of the facts; (3) The
> party to whom the representation was made was
> ignorant of the truth of the matter; (4) The
> representation was made with the intention that
> the other party should act upon it; (5) The other
> party was induced to act upon it; and (6) The
> party claiming estoppel was misled to his injury.

<u>Boykins Narrow Fabrics Corp. v. Weldon Roofing and Sheet Metal,
Inc.</u>, 266 S.E.2d 887, 890 (Va. 1980).   Under Virginia law, claims
of estoppel and detrimental reliance overlap.   See <u>White v.
White</u>, 38 Va. App. 389, 393, 564 S.E.2d 700, 702 (2002)
("[D]etrimental reliance, or estoppel, is an equitable remedy
against a party. . . .").   Indeed, courts have held that proof of

detrimental reliance is "necessary to establish equitable estoppel."  <u>Automobile Ins. Co. Of Hartford, Conn. v. Hayes</u>, 2010 WL 331756, *7 (E.D. Va. 2010); <u>see also</u> <u>Mooney v. State Farm Mutual Automobile Ins. Co.</u>, 1992 WL 44809, *1 (4th Cir. 1992) ("proof of detrimental reliance necessary to establish an estoppel") (citing <u>Harris v. Criterion Ins. Co.</u>, 281 S.E.2d 878, 881 (Va. 1981) (unpublished)).

As noted in the previous section, Brown & Brown does not make coverage decisions nor did it do so in this case.  For this reason, it cannot be legally estopped from doing something that it had no power to do in the first place.  <u>See</u> <u>Finchum v. Patterson</u>, 2008 WL 2019408, *1 (Tenn. Ct. App. 2008) ("We hold first that equitable estoppel is not applicable against an insurance agent because the insurance company, not the agent, denied coverage under the policy.").  Accordingly, Brown & Brown is entitled to judgment in its favor on Counts III and IV of the Amended Complaint.

III.    *Third-Party Beneficiary*

According to the Amended Complaint,

43.    DCI and Brown & Brown entered into an agreement by which Brown & Brown was to secure liability coverage for Mulvey.

44.    Based upon this agreement, Mulvey assumed the status of an intended third-party beneficiary.

8

45. Brown & Brown breached the agreement to
secure coverage by failing to procure the
necessary coverage for Mulvey.

Amended Complaint ¶¶ 43-45.

Under Virginia law, a person may seek to enforce a contract to which he is not a party where "the parties to [the] contract clearly and definitely intended to confer a benefit upon him." Copenhaver v. Rogers, 384 S.E.2d 593, 596 (1989) (citing Allen v. Lindstrom, 379 S.E.2d 450, 457 (Va. 1989)). "However, this third party beneficiary doctrine only applies when parties to [the contract to benefit the third party] clearly and definitely intended to confer a benefit upon him." American Bankers Ins. Co. of Florida v. Maness, 101 F.3d 358 (4th Cir. 1996) (citations and quotations omitted).

Brown & Brown argues that any third-party beneficiary claim that plaintiffs may have is barred by the statute of limitations. In Virginia, the limitations period for an oral contract is three years. See Va. Code § 8.01-246(4). Furthermore, an action arising from a contract accrues on the date the breach occurred. Va. Code § 8.01-230. Browning v. Tiger's Eye Benefits Consulting, 2009 WL 497391, *7 (4th Cir. 2009) ("The statute of limitations accrues on the date of breach, not the date of the resulting damage is discovered.").

Assuming there was a contract between Brown & Brown and DCI/Shires to add Mulvey to the Bituminous policy, it is

undisputed that any such contract was oral.  Furthermore, the

last certificate of insurance indicating Mulvey's additional

insured status was issued on August 9, 2002.  Accordingly, any

breach of that contract occurred no later than August of 2002.

Plaintiff's did not bring their third-party beneficiary claim

until October 11, 2007, well outside the applicable limitations

period.  Accordingly, their claim is barred by the statute of

limitations.

IV.     *Professional Negligence*

        The final claim plaintiffs assert against Brown & Brown

is one for professional negligence.

> It is now well established, in Virginia and
> elsewhere, that an insurance professional "owes a
> duty to his principal to exercise reasonable
> skill, care and diligence in effecting insurance.
> Thus, he may be held liable where he has breached
> a contract to procure insurance for his
> principal." 16A John Alan Appleman and Jean
> Appleman, Insurance Law and Practice § 8841
> (1981); see Dickerson v. Conklin, 218 Va. 59, 235
> S.E.2d 450 (1977) (acknowledging a cause of
> action for failure to obtain insurance); Standard
> Products Co., Inc. v. Wooldridge & Co., Ltd., 214
> Va. 476, 201 S.E.2d 801 (1974) (acknowledging a
> cause of action for failure to obtain replacement
> insurance coverage). The claim is a sub-species
> of the general cause of action for professional
> malpractice, which may be brought against any
> professional who fails to exercise the knowledge,
> skill and care ordinarily employed by members of
> his profession. W. Page Keeton, et al., Prosser
> and Keeton on The Law of Torts § 32 (5th ed.
> 1984); see, e.g., H.C. Boone v. C. Arthur Weaver
> Co., Inc., 235 Va. 157, 365 S.E.2d 764 (1988)
> (malpractice claim against an accountant for
> giving erroneous advice); Comptroller of Virginia
> v. King, 217 Va. 751, 232 S.E.2d 895 (1977)

> (malpractice claim against an architect for a
> negligent design).

Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1470 n.15 (4th Cir.
1996); see also Lexcorp v. Western World Ins. Co., 2010 WL
3855305, *5 (W.D. Va. 2010) (recognizing that insurance
professional may be held liable where he has breached a contract
to procure insurance).

     In Virginia, damages for purely economic loss cannot be
recovered in a tort action for professional negligence in the
absence of privity of contract. See Ward v. Ernst & Young, 435
S.E.2d 628, 631 (Va. 1993); Sensenbrenner v. Rust, Orling, Neale,
Architects, Inc., 374 S.E.2d 55, 58 (Va. 1988).  Plaintiffs have
not shown that they were in privity with Brown & Brown.
Accordingly, in the absence of privity, plaintiffs' claim for
professional negligence against Brown & Brown must fail.  See
Arredondo v. City of New York, 6 A.D.3d 328, 329 (N.Y. 2004) ("It
is well settled that the duty of an insurance broker runs to its
customer and not to any additional insured since there is no
privity of contract for the imposition of liability.").

## Conclusion

     For the reasons discussed above, Brown & Brown's motion
for summary judgment is GRANTED.  The Clerk is directed to send
copies of this Memorandum Opinion and Order to all counsel of
record.

**IT IS SO ORDERED** this 30th day of March, 2011.

ENTER:

*David A. Faber*
_____

David A. Faber
Senior United States District Judge